IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS, INDIANA

| | |
|---|---|
| CRYSTALLE FOY | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CAUSE NO. 1:18-CV-02936 |
| | ) |
| RESOLUTE ACQUISITION | ) |
| CORPORATION, INC. | ) |
| | ) |
| **Defendant,** | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, name-above, complains of acts and omissions by the Defendant. In support of her Complaint and as cause of action against the Defendant, Plaintiff respectfully submits the following:

**JURISDICTION**

1. This suit is authorized and instituted pursuant to Title VII 42 U.S.C. § 2000e and 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991; 28 U.S.C. §§ 1331 and 1343 and Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. § 207 and Indiana Code §§ 22-2-5-2, 22-2-9-2.

2. Plaintiff fled a charge with the Equal Employment Opportunity Commission (EEOC) and received a notice of right to sue on August 22, 2018.

**PARTIES**

3. Plaintiff is an African-American female lesbian and at all relevant times she resided in the Southern District of Indiana.

4. Defendant is a corporation doing business in the State of Indiana in the Southern District of Indiana.

## Count I: Violation of the Fair Labor Standards Act
## and Indiana Wage and Hour Law

5. Plaintiff adopts and realleges all allegations contained in ¶¶ 1-4.

6. Plaintiff began working for Defendant in March 2017 as a direct care staff member.

7. Plaintiff was paid a salary for working a regular 24/7 schedule.

8. In March 2017 to August 10, 2017, Plaintiff worked approximately 100 hours each pay period, However, Defendant only compensated Plaintiff for 80 hours each pay period.

9. Plaintiff was not paid time and a half her regular pay rate for all hours she worked over 40 hours per week.

10. Defendant's intentionally, knowingly and willfully violated Indiana and Federal law causing Plaintiff to suffer economic harm.

11. Defendant, as a result of not paying Plaintiff overtime, violated Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. § 207.

## Count II: Violation of Title VII

12. Plaintiff adopts and realleges all allegations contained in ¶¶ 1-4.

13. In July 2017, a Resolute Supervisor ("Resolute Supervisor 1"), informed staff that he needed more supervisors and that if anyone was interested in being a supervisor they should talk to him.

14. A week later, Plaintiff asked Resolute Supervisor 1 if he still needed Supervisors and Resolute Supervisor 1 informed Plaintiff that he did.

15. Plaintiff informed him that she wanted to become a Supervisor and Resolute Supervisor 1 told her that he wanted to hire a male.

16. Plaintiff told another supervisor ("Resolute Supervisor 2") what Resolute Supervisor 1 told her.

17. Resolute Supervisor 2 informed Plaintiff that what Resolute Supervisor 1 did amounted to discrimination.

18. Plaintiff informed Resolute Supervisor 2 that Plaintiff wanted to report Resolute Supervisor 1, but Resolute Supervisor 2 said that Plaintiff shouldn't report the supervisor because reporting the supervisor could backfire.

19. The position remained open.

20. Plaintiff was not hired as a Supervisor due to her gender.

21. Defendant, as a result of not hiring Plaintiff due to her gender, violated Title VII 42 U.S.C. § 2000 et al.

## COUNT III: Violation of Title VII

22. Plaintiff adopts and realleges all allegations in ¶¶ 1-4.

23. In August 9, 2017, there was an altercation between two residents.

24. Five Resolute employees including Plaintiff attempted to break up the fight.

25. All employees at some point and time touched at least one of the residents, with two of the employees attempting to the hold the resident's legs down.

26. The employees deescalated the situation successfully.

27. On August 10, 2017, Plaintiff returned to work and was informed that Plaintiff was being terminated due to Plaintiff performing an "illegal hold", however, a hold was not conducted.

28. The other staff residents were not terminated and they were equally involved in the deescalating of the altercation between the two residents.

29. Similarly situated African employees engaged in conduct of comparable seriousness, but they were not terminated.

30. Similarly situated heterosexual employees engaged in conduct of comparable seriousness, but they were not terminated.

31. Plaintiff was terminated due to her race, national origin and sexual orientation.

32. Defendant, as a result of terminating Plaintiff due to her race, violated 42 U.S.C. § 1981.

33. Defendant, as a result of terminating Plaintiff due to her race, violated Title VII 42 U.S.C. § 2000 et al.

34. Defendant, as a result of terminating Plaintiff due to her national origin, violated Title VII 42 U.S.C. § 2000 et al.

35. Defendant, as a result of terminating Plaintiff due to her sexual orientation, violated Title VII 42 U.S.C. § 2000 et al.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A. Award Plaintiff back pay and benefits lost;

B. Award Plaintiff compensatory damages for future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life;

C. Award Plaintiff punitive damages;

D. Award Plaintiff liquidated damages;

E. Award Plaintiff her cost in this action and reasonable attorney fees;

F. Grant Plaintiff any other relief which is allowable under the circumstances of this case.

Respectfully Submitted

s//Amber K. Boyd
Amber K. Boyd #31235-49
Attorney for Plaintiff

### REQUEST FOR JURY TRIAL

Comes now the Plaintiff and requests that this cause be tried by a jury.

Respectfully Submitted

Amber K. Boyd
Amber K. Boyd #31235-49
Attorney for Plaintiff

Amber K. Boyd #31235-49
Amber Boyd Attorney at Law
450 E. 96th Street,
Suite 500
Indianapolis, in 46240
(317) 210-3416