UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CRYSTALLE FOY, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:18-cv-02936-JPH-MPB |
| RESOLUTE ACQUISITION CORPORATION, INC., | ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

Crystalle Foy alleges that her former employer, Resolute Acquisition Corporation, discriminated against her based on her sex, race, national origin, and sexual orientation. Resolute has filed a motion to dismiss these claims. Dkt. [20]. For the reasons that follow, that motion is **GRANTED in part and DENIED in part**. Ms. Foy's national-origin discrimination claim is **DISMISSED** but all other claims shall proceed.

## I.
## Facts and Background

Because Resolute has moved for dismissal under Rule 12(b)(6), the Court accepts and recites "the well-pleaded facts in the complaint as true." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

Ms. Foy began working for Resolute in March 2017 as a direct-care staff member. Dkt. 16 at 2. That July, a supervisor told staff that he needed more supervisors. *Id.* Ms. Foy told him that she wanted to be a supervisor, but he

responded that he wanted to hire a male.  *Id.*  Ms. Foy was not promoted.  *Id.* at 3.

Then, in August 2017, Ms. Foy and five other employees tried to break up a fight between two residents.  *Id.* at 3.  All six employees touched the residents at some point, and two employees tried to hold a resident's legs down.  *Id.*  The employees succeeded in deescalating the situation.  *Id.*

The next day, Ms. Foy was terminated for using an illegal hold, even though she did not do so.  *Id.*  Non-American and heterosexual staff were not terminated even though they were equally involved in the scuffle, but Ms. Foy—an African–American lesbian—was terminated.  *Id.* at 2, 4.

Ms. Foy filed a charge of discrimination with the Equal Employment Opportunity Commission.  Dkt. 22-1.  She identified herself as "a lesbian African American female" and recounted the incident with the supervisor and the altercation that preceded her termination.  *Id.*  She concluded: "I believe that I was discriminated against due to my national origin, American, and my sexual orientation and sex, all in violation of Title VII of the Civil Rights Act of 1964."

Ms. Foy's amended complaint alleges that Resolute violated Title VII and 42 U.S.C. section 1981 by (1) not hiring her as a supervisor because of her sex and (2) terminating her because of her race, national origin, and sexual orientation.[1]  Dkt. 16.  Resolute has moved to dismiss these claims.

---

[1] Ms. Foy also alleges a Fair Labor Standards Act claim, which Resolute has not moved to dismiss.  Dkt. 16 at 2; dkt. 20.

# II.
# Applicable Law

Defendants may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief may be granted." Fed. R. Civ. Pro. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Under that standard, a plaintiff must provide "some specific facts" that "raise a right to relief above the speculative level." *McCauley*, 671 F.3d at 616 (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)). "The degree of specificity required is not easily quantified, but 'the plaintiff must give enough details about the subject-matter of the case to present a story that holds together.'" *Id.* (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)). Applying the procedural pleading requirements to the applicable substantive law is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 616.

When ruling on a 12(b)(6) motion, the Court will "accept the well-pleaded facts in the complaint as true," but will not defer to "legal conclusions and conclusory allegations merely reciting the elements of the claim." *Id.*

# III.
# Analysis

## A. Allegations of sex, race, and sexual-orientation discrimination

Resolute argues that Ms. Foy has not pleaded enough facts to state a sex, race, or sexual-orientation discrimination claim under *Iqbal* and *Twombly*'s plausibility standard. Dkt. 21 at 4–5; *see Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. Ms. Foy responds that her amended complaint satisfies the notice-pleading standard. Dkt. 22 at 5. Curiously, Ms. Foy cites only cases predating *Iqbal* and *Twombly* and Resolute does not cite Seventh Circuit precedent applying *Iqbal* and *Twombly* in the context of an employment-discrimination claim.

At the summary judgment stage in an employment-discrimination case, the standard is "whether the evidence would permit a reasonable factfinder to conclude that the plaintiff's [protected characteristic] caused the discharge or other adverse employment action." *Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016). But at the pleading stage, "nothing more" is required under *Iqbal* and *Twombly* than allegations of "(1) who discriminated against her; (2) the type of discrimination that occurred; and (3) when the discrimination took place." *McCauley*, 671 F.3d at 617 (citing *Swanson*, 614 F.3d at 404). Here, Ms. Foy's allegations meet this standard.

For her sex-discrimination claim, Ms. Foy alleges that a supervisor asked staff to talk to him if they were interested in being a supervisor. Dkt. 16 at 2. She was interested, so she talked to him—and he told her that he wanted to

hire a male. *Id.* at 3. Ms. Foy alleges that she was not promoted because of her sex and the supervisor position remained open. *Id.* That is enough to survive dismissal because "a complaint alleging sex discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex." *Luevano v. Wal-Mart Stores*, 722 F.3d 1014, 1028 (7th Cir. 2013). Resolute contends that Ms. Foy's failure to allege that she applied for the supervisor position forecloses her claim, but that's not the case. *See Hudson v. Chi. Transit Auth.*, 375 F.3d 552, 558 (7th Cir. 2004) ("If a plaintiff does not apply for a job vacancy that is posted, he cannot make a prima facie case . . . *unless the plaintiff demonstrates that the employer's discriminatory practices deterred plaintiff from applying.*" (emphasis added)).

For her race and sexual-orientation discrimination claims, Ms. Foy alleges that she and five coworkers took the same actions at the same time to stop a fight, yet Resolute terminated only the African–American employees who were gay or lesbian. Dkt. 16 at 4. This is sufficient to allow the reasonable inference of race and sexual-orientation discrimination, so it states a facially plausible claim. *See McCauley*, 671 F.3d at 615–17 (quoting *Iqbal*, 556 U.S. at 678) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

The parties debate whether Resolute is arguing that Ms. Foy must plead facts sufficient to support a prima facie case under the *McDonnell Douglas*

5

framework. Dkt. 21 at 6–8; dkt. 25 at 2–3. But regardless of whether Resolute makes that argument, such an elevated burden is "not appropriate" under the pleading standard. *Luevano*, 722 F.3d at 1028; *see Swanson*, 614 F.3d at 404.

Resolute also argues that Federal Rule of Civil Procedure 10 bars Ms. Foy from alleging a 42 U.S.C. section 1981 race-discrimination claim in the same count as a Title VII claim. Dkt. 21 at 10. Not so: "The Federal Rules of Civil Procedure do not require a plaintiff to plead legal theories." *Chessie Logistics Co. v. Krinos Holdings, Inc.*, 867 F.3d 852, 860 (7th Cir. 2017).

Ms. Foy's "complaint merely needs to give the defendant sufficient notice . . . to begin to investigate and prepare a defense." *Luevano*, 722 F.3d at 1028. It does that, so Ms. Foy has alleged enough "factual heft" to survive Resolute's motion to dismiss on her sex, race, and sexual-orientation discrimination claims. *McCauley*, 671 F.3d at 617; *see Swanson*, 614 F.3d at 404.

**B. National-origin discrimination**

Resolute argues that Ms. Foy's national-origin discrimination claim should be dismissed because while the complaint alleges that she was discriminated against as an "American," Title VII does not recognize her national origin as American. Dkt. 21 at 8–9 (citing *Vicedomini v. Alitalia Airlines*, Civil Action No. 2431 (CBM), 1983 WL 616, (S.D.N.Y. Nov. 14, 1983); *Bey v. Oakton Cmty. Coll.*, Nos. 14 C 06655, 14 C 07171, 2015 WL 5732031 (N.D. Ill. Sept. 30, 2015)). Ms. Foy did not respond to this argument.

Ms. Foy's allegations regarding her national origin claim are not clear. *See* dkt. 16 at 1, 3–4 (alleging that Ms. Foy is "African–American" and that

6

other employees were "Non-Americans"). The Court will not resolve the lack of clarity by guessing what Ms. Foy meant when she did not respond to Defendant's arguments on this point. And the Court is not obligated to fill the gap: even if a claim may "pass[ ] muster under the liberal notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2)" it is "subject to dismissal if a plaintiff does not provide argument in support of [its] legal adequacy." *Lee v. N.E. Ill. Reg. Commuter R.R. Corp.*, 912 F.3d 1049, 1053–54 (7th Cir. 2019) (citations omitted); *accord Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005) (dismissing a claim that "would be sufficient to state a retaliation claim" under Rule 8(a)(2)'s notice pleading requirement because the plaintiff "did not present legal arguments or cite relevant authority to substantiate the claim in responding to defendants' motion to dismiss"). That is the case here. Ms. Foy has "effectively abandon[ed]" the claim by neither recognizing nor responding to Resolute's argument that her national-origin discrimination claim should be dismissed. *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011); *see* dkt. 22.

Reaching the merits despite Ms. Foy's waiver would ignore the "critical role" that parties play by allowing her to "opt out of the adversarial system." *Alioto*, 651 F.3d at 721. The Court therefore will not "do the plaintiff's research," "try to discover whether there might be something to say against the defendant's reasoning," or "make an argument" for Ms. Foy. *Id.* at 721–22. That's especially true here, when neither party has cited Seventh Circuit

7

precedent governing Resolute's argument. Ms. Foy's national-origin discrimination claim is therefore dismissed.

### C. Exhaustion of the sexual-orientation discrimination claim

Resolute argues that Ms. Foy's sexual-orientation discrimination claim should be dismissed because her EEOC charge lacked the specificity required to exhaust her administrative remedies on that claim. Dkt. 21 at 3–4. Ms. Foy responds that the sexual-orientation claim in her complaint alleges the same protected class and set of facts as her EEOC charge. Dkt. 22 at 8.

In her EEOC charge, Ms. Foy identified herself as a lesbian, described the altercation and her subsequent termination, and expressed her belief that she was discriminated against because of her sexual orientation. Dkt. 22-1. The Seventh Circuit addressed a similar "rather brief and very general" EEOC charge in *Rush v. McDonald's Corporation*, 966 F.2d 1104, 1110 (7th Cir. 1992). The charge in *Rush* said:

> I began my employment as a Part-time word processor on November 11, 1985. I became a Full-time word processor on January 1, 1988. On May 6, 1988, I was told by Sharon Funston, Supervisor that I was being terminated. I believe that I have been discriminated against because of my race, Black.

*Id.* at 1108 n.9. That specific reference to her termination and general reference to race discrimination was enough to satisfy the exhaustion requirement for a racial-discharge claim under the applicable "lenient standard." *Id.* at 1110–11.

Ms. Foy's sexual-orientation discrimination claim is like the racial-discharge claim in *Rush* because her EEOC charge specifically identified her termination and generally alleged sexual-orientation discrimination. *See* dkt. 22-1; *Rush*, 966 F.2d at 1110. And Ms. Foy alleged more than in the *Kulcsar v. AutoZone, LLC* case that Resolute relies on. *See* No. 3:15-cv-289-JVB-CAN, 2017 WL 1364135 at *4 (N.D. Ind. Feb. 24, 2017). There, the complaint relied on conduct not described in or reasonably related to the EEOC charge. *Id.* (citing *Rush*, 966 F.3d at 1111–12). The *Kulcsar* complaint thus alleged a new act of discrimination—which is not allowed. *See id.*; *Jones v. Res-Care, Inc.*, 613 F.3d 665, 670 (7th Cir. 2010).

Ms. Foy's complaint and EEOC charge, on the other hand, identify the same facts. Her EEOC charge thus gave Resolute "some warning of the conduct about which the employee is aggrieved" and afforded "the EEOC and the employer an opportunity to attempt conciliation without resort to the courts." *Ezell v. Potter*, 400 F.3d 1041, 1046 (7th Cir. 2005). That is all that's required.

## IV.
## Conclusion

Resolute's motion to dismiss, dkt. [20], is **GRANTED in part and DENIED in part**. Ms. Foy's national-origin discrimination claim is **DISMISSED**; the motion to dismiss is otherwise **DENIED**. Resolute's previous motion to dismiss, dkt. [13], is **DENIED as moot**.

Ms. Foy's complaint may be amended "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Any leave to amend must be sought by **September 16, 2019**. *See generally id.*; S.D. Ind. L.R. 15-1.

**SO ORDERED.**

Date: 8/16/2019

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Amber K. Boyd
AMBER K. BOYD ATTORNEY AT LAW
amber@amberboydlaw.com

Kierstin Jodway
WALLER LANSDEN DORTCH & DAVIS, LLP
Kierstin.Jodway@wallerlaw.com

Laurie E. Martin
HOOVER HULL TURNER LLP
lmartin@hooverhullturner.com

Mark Warfield Peters
WALLER LANSDEN DORTCH & DAVIS LLP
mark.peters@wallerlaw.com